Good morning. Again, everyone, we're going to ask the lawyers who are going to argue this case to please step up now, introduce themselves, and tell us whom you represent. Good morning, Your Honors. My name is Colin Quinn Comito, for the record, and I represent the appellant for Delro Brown. Assistant State's Attorney Gina DeVito, for All right. Thank you, Counsel. I know you've been very patient. We've had a long morning. We'll allot about 15 minutes per side for your arguments. We'll save a few minutes for rebuttal. In addition, we may change that if we have a lot of questions or if the arguments become repetitive. Please remember to speak loudly. Our microphones do not amplify well, but they merely record what is being said. Also, please understand that we have read the briefs and are Mr. I was also saying Mr. Spence, but you're Mr. Comito. Okay. Okay. May it please this honorable court, while I argue here today, my client sits in the IEDOC facing a life sentence, natural life sentence. In this case, it's before this court because the after an acquittal in violation of his right not to be tried twice for the second offense embodied in the United States Constitution and embodied in the Illinois Constitution. Now, what is at issue before this court today is the law. It's not the facts. I don't think issue with the facts whatsoever, but in order to set the stage for this double jeopardy violation, if I may, just briefly state the charges that the government brought against my client in the first prosecution and the second. Specifically, the first prosecution of my client, the government lost. It brought an 18 count indictment against my client for crimes committed against various characters. Now, these individuals are numerous. There are four of them. Michael Hunter, Terrell Spencer, Michael Dixon, and Jared Swift. With respect to Michael Hunter and Terrell Spencer, the government brought crimes against, indicted my client for their attempt murder, aggravated discharge of a firearm, aggravated battery with a firearm, and aggravated battery. It was different as for Michael Dixon and Jared Swift. The government brought an indictment down against my client for aggravated battery and aggravated discharge of a firearm. Now, the outcome of the verdict, the Honorable Thomas M. Tucker directed out every single count with respect to Michael Hunter. A different result was obtained for Terrell Spencer, Michael Dixon, and Jared Swift. If I may, Terrell Spencer, my client was convicted of his aggravated discharge of a firearm, aggravated battery with a firearm, and aggravated battery. With respect to Michael Dixon and Jared Swift, he was convicted of aggravated discharge of a firearm. An unfortunate turn of events, four years later, Michael Hunter died as a result of aggravation of his injuries that resulted during a gun fight that broke out on 9th and Roosevelt. Four years later... Mr. Camino, you're talking about the gun fight as though your client had nothing to do with it. Wasn't he an active participant in that gun fight? Your Honor, he was an active participant in the gun fight, but as I stated, I'm squarely concerned with the law, and I'm not disputing the facts. That's why I openly state yes, he was a participant. Let's talk about the facts for a minute. Wasn't there a bullet recovered from the decedent? Isn't that a big change in the facts? I don't believe that that is a big change in the facts, Your Honor, but you're absolutely correct. There was a bullet that was first time around as a result of a gun fight. He was convicted of aggravated discharge of a firearm. When he eventually died four years later, they removed the bullet, but if I may get to that later, it did not do anything as far as I'm concerned with respect to the double jeopardy violations before this court. Well, it showed that it came from the gun that the defendant was firing, didn't it? Wasn't that established when the bullet was finally removed? Your Honor, that's not true. It's not? No, no, no. It did not. Well, there were two guns, and it showed that it didn't come from the other gun, so the reasonable inference is that it came from the one that was fired by the defendant. Yeah, correct, but the government's expert witness, Tony Brubaker, stated that you couldn't rule out the fact that there were four guns involved. And I can openly state to this court... Well, that was certainly in response to a cross-examination question, which I think any clever defense attorney would... But are we required to then say, well, I guess you couldn't rule out the fact that there were 10 guns present? What exactly are you saying? What I'm saying, that in order to trigger the exception that's later referenced in footnotes by way of Ash v. Swenson, by way of a host of different Supreme Court cases, they talk about how the government can recharacterize a second prosecution as its first. It involves a conviction, not an acquittal, which we have here. Is that a distinction, by the way, if one is found not guilty or guilty in the first trial? Is that a huge distinction in the case? Absolutely. It does? Absolutely. Based on what case? Your Honor, in specific, the most firmly rooted rule in our history of double jurisprudence, double jeopardy jurisprudence, is that there is an absolute bar on retrials following acquittals. This is seen in the late 70s and 80s. I've got a problem with the logic here. Because it is very possible someone can be usually, let's say, shot and be immediately injured but not die. And we saw recently James Brady, who was shot in the Reagan assassination attempt, died something like 35 years after he was shot. And the doctors who did the autopsy said it was, his death was the result of the shooting from 1981. So what is the prosecutor supposed to do? Hold off and not charge anything and let the shooter loose? Or twiddle her thumbs and wait for the person perhaps to die maybe 35 years later? That's the difficulty with your argument. Your Honor, in this case, there are no charges. This was a complete truncation. The government is not allowed to bring a second prosecution against my client with respect to Michael Hunter. Why? Because the exception in Diaz does not apply. It applies to acquittals. Excuse me. It applies to convictions, not acquittals. And the logic that it follows in Ash v. Swenson. That's all perfectly fine and makes great sense. What the state is saying in response to you is that the two crimes in question do not have the same elements. And that's what they're using to get around the double jeopardy rule. And you haven't really addressed that yet. Well, if I may, Your Honor, I'd like to bifurcate my argument because, well, double jeopardy operates both procedurally and substantively. With respect to the procedure, there has to be an attachment. There has to be a termination for it to trigger in order to protect my client. I believe that's been established. Moving to the substance, if I could separate the felony murder charges that were brought against my client in the second case from the, sorry, the knowing murder charges from the felony murder charges. The government has the knowing murder charges in the second trial. Now, why is that? Have they actually conceded it or they just didn't argue it? They said that they don't dispute the fact that it should be vacated. And that happens all the time around here. You know, somebody in the appeals division gets a second look at it and says, oh, yeah, we have to confess error on one of the 92 issues. Correct. So. But if I may read the specific text of the counts that were wiped away, as long as, as well as all of their issues in the first proceeding, which I believe gave rise to that statement from the government. Count two, my client without lawful justification with intent to kill and armed with a firearm shot Michael Hunter, which constituted a substantial step towards the commission of first degree murder. That was attempt murder that was wiped away. Didn't take a substantial step, didn't have intent to kill. My client committing a battery knowingly caused injury to Michael Hunter by means of discharging a firearm to which shot Michael Hunter about the body. We know from Ash versus Swenson that as well as barring two successive prosecutions for the same offense, collateral estoppel is also embodied in the criminal text, criminal context of double jeopardy jurisprudence. So the government couldn't possibly bring up any of these issues again. They cannot re-litigate dead issues, issues that died in the first proceeding that they used to bring in the second proceeding. Now to say that my client somehow, despite all of the charges, him having been found not guilty on all the charges, that somehow he had knowledge that his acts carried a likely substantial or a substantial likelihood of death to Michael Hunter, a great bodily injury. But does felony murder require any mental state? Isn't that irrelevant? I'm speaking specifically to the knowing murder charges, but you're right. You're right about that, Your Honor. It doesn't require a specific mental state. It just requires a mental state necessary to commit the felony. But with respect to the knowing murder charges, collateral estoppel completely bars all of them. Why? Because of the sweeping acquittal in the first case. All of the issues went with it, and if I may move on to the felony murder. You have only a couple minutes left, so. Okay. With respect to the felony murder charges, Your Honor, they are lesser included offenses. Assuming it's the United States versus Dixon, where Scalia cited the terse procuring opinion in Harris versus Oklahoma. The felony murder is not a separate offense distinct from its elements. Now, Diaz does not apply to this case. It applies with acquittals. And why? Because every Supreme Court case that follows Diaz, that references it by way of footnotes, says that there may be an exception when the government in the first case, when the crime is charged, the crime has not been completed or has not been discovered. Now, what that does, it allows the government to recharacterize its second prosecution as its first. Now, this makes sense. If somebody commits a crime and is found guilty of having come into physical contact with an individual, but that individual later dies as a result of their injury, I believe that the government should be able to bring the murder case in a second proceeding. But the acquittal in my case, and this is my argument, completely truncates. And all the conduct that is directed to Michael Hunter is wiped away. And they're trying to use the conduct that was directed to the other individuals that were at the scene in order to hop over and to charge my client with murder. Counsel, all the not guilties on your client were as to Hunter as the victim, correct? Correct. Right. So all the felony murder charges that were found in this case, none of them had to do with Hunter. They all had to do with the other ones. That is absolutely correct. So you're saying those are lesser included as to what he was charged for as far as Hunter? No. Those predicate felonies are also lesser included, of the felony murder charge that they brought in the second case. So the way I see it is that there's Michael Hunter on one hand, there's all the conduct necessary, it was wiped away, and then there is Terrell Spencer, there's Michael Dixon, and there's Jared Swift on the right. Once there's a complete truncation... And of all those people, only Hunter died, right? Right. As to this individual for which they brought the murder prosecution in the second time around, all the conduct was gone. Now they're trying to use the conduct with respect to those people. But how do you get all the conduct is gone? Where does that come from? The issues that the government was required to prove by way of conduct were stopped from being brought in the second case pursuant to Ash v. Swenson. For clarity, I apologize. I openly admit that if Terrell Spencer, who my client was convicted of coming into physical contact with that individual, discharging a weapon, if he had died, that would be appropriate. Diaz v. United States would trigger in that sense. And Your Honor, if I may reserve a... Why don't you wrap up and I have one more question before... Anything else you... No. All right, here. One of the things that struck me when I read this case, and I want to ask both of you this, is I'm astonished that this exact fact pattern hasn't come up somewhere else. I mean, every case everybody seems to be citing is similar but not quite on point, where we have a not guilty on an attempt murder, and then the person dies, and then they're tried for murder and there's a pattern. All right, I didn't think so. Because we have a lot of cases that dance around it, but not one with that exact pattern. Right, where the defendant is found to be acquitted of all charges as to the individual that dies at a later date. Counsel, can I ask you one more question? As far as the collateral estoppel, same issue, same person. The issues are different because felony murder has no needed, correct? Than the other murder he was charged with? The knowing murder? So there's a distinction there. That is correct. With respect to the felony murder charges, that is correct. Right. But I seek to employ a lesser included analysis with respect to the felony murder charges by way of United States v. Diaz not applying to acquittals. I'd ask this court not to overlook this sweeping acquittal. Thank you. I thank you. Ms. DeVito. Good morning, Your Honors. Assistant State's Attorney Gina DeVito on behalf of the people of the state of Illinois. In defendant's first trial, he was convicted of several forcible felonies in the 2007 shooting that occurred that involved four victims in the strip mall parking lot. After one of the victims died, Michael Hunter, as a result of the gunshot wound inflicted to his neck, the defendant was charged at that point with five counts of felony murder based on the felonies he was convicted of during the first trial. Defendant's conviction for felony murder was proper where Hunter's death is the direct and proximate result of the defendant's felony. Because defendant was previously convicted of five forcible felonies that resulted in the death of Hunter, his conviction is proper. In the first trial, defendant was acquitted as to charges that related to the victim Hunter. Those charges were attempt murder, aggravated battery of the firearm, aggravated battery, and aggravated discharge of a firearm. However, double jeopardy and collateral estoppel do not apply here. And that is for two reasons. One, that the additional fact of Hunter's death had not occurred at the first trial. And two, that the felony murder conviction was not predicated on the same mental state as the charges he was acquitted of. And why don't you define remind us exactly what the difference in the mental states required for the two different. Okay, your honor. As to the charges that defendant was acquitted on in the first trial as to defendant Hunter, it was required that the people show that defendant had the intent to kill Hunter specifically. That defendant had the intent to knowingly cause injury to Hunter specifically. That he knowingly and intentionally discharged a firearm in Hunter's direction and in the direction of a vehicle he knew Hunter was to be in. And none of those mental states are required in the charge of felony murder that he was convicted of here. The people did acknowledge that the first two charges of knowing murder were improper based on the case of Carrillo, your honor. And that case is on point here as to the facts. Where there were similar circumstances and our Supreme Court held that although the defendant was acquitted in the first trial of attempt murder, the defendant could be charged there with felony murder based upon the home invasion and burglary she was convicted of previously. But not based upon the armed robbery that the defendant was acquitted on or murder based on intent to kill. The defendant there also could be charged with murder counts based on knowledge that the shooting created a strong probability of death or great bodily harm because none of the charges previously faced by the defendant dealt with this knowledge and thus collateral estoppel was not implicated. As to your question, your honor, as to what case is on point, the state would set forth that that case is on point where the victim there, excuse me, the defendant there was acquitted of attempt murder but yet was able to be tried for felony murder. The fact situation here slightly diverges from that but the principles remain the same. Here we have a group that was the parking lot. So the difference is that the fact situation is slightly divergent where we have a different number of victims instead of just one. Let me go outside the facts that we have before us right this minute and talk about a policy question. The whole point of double, you know, one of the great effects of double jeopardy on the system, right, is that if you're involved in a criminal act, right, regardless of how complicated it might be, the state basically gets one crack at you. They've got to, you know, put in their best charges and they let the chips fall where they may. And knowing that, in your mind as a defendant, you make a decision, for instance, whether to plea out, whether to plead guilty because you know, these are the charges that, this is the state's bag of tricks. There aren't any more hiding behind the scenes, all right? Now here we have someone who went to trial and got found not guilty. But, you know, whatever we say is going to be a generic policy. And aren't there defendants out there, is my point, who say, I'm going to go plead guilty to these lesser charges because I know that's what they're going to bring and I'm going to take the three years and go back in my life? And, oh, by the way, surprise, surprise, five years later, now there's a bigger charge. Well, Your Honor, here, Diaz is a huge established case that establishes that if someone dies after the trial, we can charge you with the murder. So that is established. And then, additionally, I would state that defendant was found guilty here. He was found guilty of shooting these victims. He just was found not guilty of intentionally shooting the specific victim that died. But he was not found not guilty in the shooting. So he was found guilty here. But your opponent says that it's illogical to prosecute him for Hunter's murder after he was found not guilty with respect to anything having to do with Hunter. And the guilty findings were related to other people. And so you're kind of bootstrapping the murder charge over the fact that he was found not guilty of anything, or rather it was directed, as to anything having to do with Hunter. And that's really illogical to allow the state to do that. What do you say to that? Your Honor, I would say that the state prosecuted a certain mental state in regard to the victim, Hunter, in this case. And that is all that was decided in the first trial. For felony murder, the mental state is not required. It is simply required that we correct. If you have no further questions for those reasons, and those stated in our brief, we ask that this court affirm the defendant's convictions for felony murder. Thank you. Your Honor, just a moment. I just wanted to make sure that we were clear. Just a moment, if I may. In the first prosecution of my client, with respect to Michael Hunter, who's acquitted by the Honorable Thomas M. Tucker of attempt murder, aggravated discharge of a firearm, aggravated battery with a firearm, and aggravated battery. All of those included some intent, some specific intent. Others included knowledge. Now, the government essentially tries to wipe away that sweeping acquittal that my client secured in the first prosecution. And to say that even though all of those issues are gone by way of collateral estoppel, which is before this court by way of Ash v. Swenson, that somehow my client undertook acts to kill Michael Hunter with knowledge that his acts carried a substantial likelihood of his death or his great bodily harm. The knowledge and the intent are gone. They were gone by way of the sweeping acquittal. And that is with respect to the knowing murder charges that were brought in the second. With respect to the felony murder charges predicated on lesser included offenses, we know this by way of United States v. Dixon. With respect to those, Diaz does not apply. The government does not discuss the law behind Diaz. They don't discuss the logic behind Diaz. Now, the death isn't necessarily an element. I do not believe that death is an element. It's not often that a defense attorney gets up on a directed verdict and says that the state has failed to carry its burden beyond a reasonable doubt that the defendant died. Diaz is a Ohio, Illinois v. Vitale, and Garrett v. United States. Each one of those cases involved a conviction. Now, what it says, it contains a completion requirement or a discovery requirement. If at the first proceeding, for some reason, the crime was not completed or the government hadn't discovered evidence despite their due diligence, they're allowed to bring a successive prosecution. Well, I submit to this Court that the underlying felonies, which were lesser included offenses, with respect to Michael Dixon, Jared Swift, and Terrell Spencer, were completed upon commission. The acquittal truncated the other side. They were completed upon commission, and therefore, Diaz v. United States has no application to this case because we're dealing with acquittal. The government lost its first prosecution with respect to Michael Hunter. It has significant meaning, and I'd ask this Court to take notice of that meaning and to vacate each one of the murder counts as to my client brought in the second proceeding. All right. Thank you, Counsel. Any further questions from the panel? If not, the case will be taken under advisement, and thank you for your patience today.